IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREAT OCEAN CAPITAL HOLDING, LLC, a Washington State Limited Liability Company and United States designate Regional Center,

Plaintiff,

v.

PENG ZHANG and ZHONGYUAN PAN (aka "Bonnie Pan"), husband and wife residing in Ontario, Canada,

Defendants.

Case No. C17-1578 RSM

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER comes before the Court on Plaintiff's *ex parte* Motion for Temporary Restraining Order ("TRO"). Dkt. #2. Plaintiff asks the Court to enter an Order enjoining Defendants from "engaging in supplemental proceedings that effectively withdraw or further interfere with funds to be used for job creation and promotion of commerce." *Id.* For the reasons set forth below, the Court DENIES the motion.

A federal court may issue a TRO "with or without written or oral notice to the adverse party" only if "specific facts in the affidavit . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be

ORDER– 1

heard in opposition" and the moving party "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rules W.D. Wash. LCR 65(b). The Court finds several reasons to deny the instant motion.

First, Plaintiff has not provided an adequate explanation as to its efforts to give notice to Defendants and why such notice should not be required. Indeed, Plaintiff fails to address this Courts Local Rule or the requirements of the Federal Rules of Civil Procedure at all. *See* Dkt. #2. In a Declaration accompanying this motion, Plaintiff's counsel asserts that Defendants are thought to be proceeding *pro se*. Dkt. #5 at ¶ 4. Plaintiff then goes on to state that copies of this motion were provided to Defendants' counsel in the subject concurrent state court proceeding, but counsel does not know whether those same attorneys would represent Defendants in this action. *Id.* at ¶¶ 5 and 7. Plaintiff's counsel states that she has a mailing address for Defendants in Canada, but because she only has that address she is unable to effect service. *Id.* at ¶ 8. Confusingly, counsel does not mention the Hague Convention, of which Canada is a member, its procedures for service of process on Canadian residents, or any efforts to comply with those procedures. *See* Dkts. #2 and #5.

Further, Plaintiff fails to meet the substantive standard for the issuance of a TRO. The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the

ORDER– 2

> degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

*Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. Proc. 65(b)(1)(A). The standards for issuing a TRO are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Ca. 1995).

Plaintiff fails to demonstrate irreparable harm in this case, particularly because the state court proceedings that it seeks to enjoin have apparently been proceeding for the last two years. Dkt. #2 at ¶ 9. Plaintiff provides few facts describing the procedural posture of the state court proceedings at this time. Plaintiff notes that the state court issued a preliminary injunction, which it apparently disputes, on December 18, 2015, which froze certain assets of Plaintiff's. *Id.* at ¶ 11. Plaintiff also states that in September of 2017, the state court issued an Order to Show Cause to the "Judgment Debtor" in those proceedings, but Plaintiff fails to identify the "Judgment Debtor" or what the Show Cause Order arises from or directs. *See id.* at ¶ 15. On these facts, there is no way for the Court to determine imminent harm, much less any harm, to Plaintiff should the Court fail to issue a TRO.

Finally, Plaintiff fails to address the *Younger* doctrine, which would typically preclude this Court from interfering with ongoing state court proceedings. Indeed, absent extraordinary circumstances, not present here, federal courts should abstain from enjoining ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L.

ORDER– 3

Ed.2d 669 (1971). In *Younger*, the Supreme Court "'espouse[d] a strong federal policy against federal court interference with pending state judicial proceedings.'" *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L. Ed.2d 116 (1982)). The "principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding." *Mitchum v. Foster*, 407 U.S. 225, 243, 92 S. Ct. 2151, 32 L. Ed.2d 705 (1972).

> Under *Younger*, a federal court must abstain if four requirements are met:
>
> > (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091-92 (9th Cir. 2008).

Here, the first criteria is met because, as best the Court can tell, the Washington State action is still pending. According to Plaintiff's brief, an Order to Show Cause was issued on September 12, 2017. Dkt. #2 at ¶ 15. Plaintiff provides no evidence that the proceedings have concluded, and indeed seeks to stay them by way of this motion. The second criteria is also met because of the state's important interest in actions involving alleged violations of the Washington State Securities Act. *See* Dkt. #2 at ¶10. The third criteria is satisfied because Plaintiff has not presented any argument demonstrating why the Washington state courts would not provide it with an adequate opportunity to litigate its federal and state claims. Finally, the fourth requirement, that the federal court action would enjoin the state

ORDER– 4

proceeding, is met because the relief Plaintiff seeks is to enjoin Washington courts from proceeding with the action currently pending there. This type of interference has been described as "the most offensive and intrusive action that a federal court can take with respect to a state court proceeding." *Gilbertson v. Albright*, 381 F.3d 965, 977 (9th Cir. 2004) (en banc).

Because *Younger* applies, this Court must abstain from enjoining the state court case, and should dismiss the action entirely. "When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, permanently by dismissing the federal action because the federal court is only being asked to stop the state proceeding." *Gilbertson*, 381 F.3d at 981. Furthermore, "[o]nce it is determined that an injunction is not warranted on *Younger* grounds, there is nothing more for the federal court to do. Hence, dismissal (and only dismissal) is appropriate." *Id.*; *see also H.C.*, 203 F.3d at 613.

IT IS THEREFORE ORDERED that Plaintiff's *ex parte* motion for a TRO (Dkt. #2) is DENIED and this case is DISMISSED.

The Clerk SHALL send a copy of this Order to attorneys James Ware and Courtney Bhatt c/o MDK Law, 777 108th Ave NE, Suite 2000, Bellevue, WA 98004.

DATED this 25th day of October 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER– 5